UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MARSHALL,<br>aka ALEXANDER BAILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY DISTRICT<br>ATTORNEY, et al.,<br><br>    Defendants.<br>_____/ | No. C 12-0978 YGR (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

This federal civil rights action filed pursuant to 42 U.S.C. § 1983. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a). For the reasons stated herein, the action is DISMISSED.

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants (various Alameda County officials and offices including the district attorney, the public defender, state judges, and the police department) violated his constitutional rights during the criminal investigation and proceedings leading to his 2011 plea agreement, thereby rendering his such agreement invalid. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Where, as in the instant matter, a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 487.

In the instant matter, a judgment in favor of plaintiff that defendants' action rendered his plea agreement invalid would necessarily imply the invalidity of his conviction or sentence. It is not clear from the complaint that his convictions have not been invalidated, however. Accordingly, plaintiff's action barred by *Heck*, and the action is hereby DISMISSED without prejudice to plaintiff refiling such claims when he can make such a showing.

Furthermore, plaintiff's claims against Babies "R" US, a private company, are DISMISSED because private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

**IT IS SO ORDERED**.

DATED:   October 26, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**